IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**LEODIS RANDLE**                                                                                       **PETITIONER**

**4:18CV00622 JM/PSH**

**DOES, and
COLLEAN BARNHILL, Public
Defender**                                                                                              **RESPONDENTS**

**FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Petitioner Leodis Randle ("Randle") filed a complaint on August 29, 2018. The Court construed the pleading as a petition for writ of habeas corpus, and entered an order directing Randle to do two things: (1) submit either the $5.00 filing fee or a properly completed *in forma pauperis* application; and (2) submit an amended petition, clarifying the state court conviction which he is challenging, and clarifying whether he is currently in the custody of the Arkansas Department of Correction ("ADC"). Randle was directed to submit the amended petition on or before October 22,

2018.[1] Docket entry no. 13. Service of the original petition was not ordered. Randle has not filed an amended petition as ordered.

A review of the pleadings is helpful. The body of the petition appears to primarily focus on Randle's knowledge of the identity of a murderer in an unsolved case, knowledge which Randle obtained while in the Pulaski County Detention Center. The conclusion of the petition requests habeas corpus relief, and alleges Randle's constitutional rights were violated in connection with a plea deal that was not consummated in October 2017. Randle also alleged public defender Collean Barnhill coerced him into entering a guilty plea. Further, Randle claims "the federal court" failed to intervene in the 2017 state court proceedings despite Randle alerting the federal court. Docket entry no. 1, page 3. The original petition was not a model of clarity, thus prompting this Court to instruct Randle to submit an amended petition.

Randle has not complied with the Court's directive. He has, however, filed six pleadings styled as "Notices." Docket entry nos. 9, 12, 14, 15, 17, & 18. The Court considers what light, if any, these pleadings shed on the claims Randle seeks to assert in this case.

**Docket entry no. 9:** In this pleading Randle again complains about his state court criminal case – case no. 60CR-17-1754. This case appears to be the same case cited in his petition. He alleges, among other things, that he received ineffective assistance of counsel from public defender Collean Barnhill. He also complains of entrapment, denial of a mental competency evaluation, a warrantless search, an unlawful arrest, the fabrication of an incident report, prosecutorial misconduct, denial of his right to withdraw his guilty plea, and denial of his appeal. He also states that the federal judge assigned to his case, Judge Leon J. Holmes, was cousin-in-law to his state court judge, Barry A. Sims, creating a conflict of interest.

**Docket entry no. 12:** Citing *Martinez v. Ryan*, Randle asks that his state court conviction

---

[1]Randle submitted the $5.00 filing fee on September 27. Docket entry no. 16.

be reversed and remanded. He claims that he was prevented from filing a Rule 37 petition because the North Little Rock Probation Office unlawfully arrested him on January 30, 2018. He again appears to be challenging a 2017 conviction, alleging his attorney coerced him into a guilty plea while he was mentally ill. He again references a false police report, and the pleading refers to conflicts between Randle and Collean Barnhill, public defender.

**Docket entry no. 14:** Randle once again argues that he was arrested on January 30, 2018, the last available day for him to file his Rule 37 petition. In this pleading he states that he was sentenced to three years probation. He also recounts the complaints he has against Collean Barnhill and her supervisor at the public defender's office, Bill Simpson. He reiterates he was not mentally competent, he was coerced into pleading guilty, evidence was withheld by the prosecutor, he committed no crime, and he was unlawfully detained.

**Docket entry no. 15:** This pleading alleges no new facts. Instead, Randle offers the same arguments contained in his earlier notices. Specifically, he alleges ineffective assistance of counsel, unlawful arrest on January 30, 2018, the ninetieth day of the period following the entry of his guilty plea, and denial of his right to appeal.

**Docket entry no. 17:** Generally, the same arguments are advanced in this pleading. However, attachments to this pleading clarify some things: (1) Randle is a criminal defendant in this Court, case no. 4:18cr295 KGB, set for jury trial on June 24, 2019, on the charge of being a felon in possession of a firearm; and (2) Randle's Rule 37 petition was dismissed in state court on September 19, 2018, because it was filed while Randle's probation revocation was pending. Therefore, the state court found the Rule 37 petition was not ripe.

**Docket entry no. 18:** This pleading, filed on the same date as docket entry no. 17, restates Randle's argument that he was unlawfully arrested on January 30, 2018, preventing him from appealing the state court's denial of his Rule 37 petition. Randle also claims, as before, that he

received ineffective assistance of counsel. He additionally cites a pending civil action in federal court – case no. 4:18cv188. In that action, Randle sued 38 defendants alleging mistreatment at the Pulaski County Detention Center. The case is pending, although 25 of the defendants have been dismissed.

To summarize the notices filed by Randle, the pleadings contain numerous general assertions. The pleadings lack specificity regarding the essentials necessary for a cognizable habeas corpus claim. For example, despite the numerous pleadings, it remains unclear whether Randle is in custody and, if so, what conviction has resulted in his custodial status. Further, it is unclear whether state court proceedings against Randle have concluded. These unanswered questions prompted the Court to direct Randle to file an amended petition on or before October 22, 2018. Randle was notified of his duty to respond to the Court's communication. See Local Rule 5.5(c)(2). Randle has not responded in any meaningful way to the Court's Order of September 18, 2018.

Based upon the foregoing, the Court recommends the petition for writ of habeas corpus be dismissed without prejudice due to Randle's failure to submit an amended petition that set forth a cognizable habeas corpus claim.[2]

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, the Court recommends that the certificate of appealability be denied.

---

[2]Rule 4 of the Rules Governing Habeas Corpus Cases provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

5

IT IS SO ORDERED this 29th day of October, 2018.

                                                                          UNITED STATES MAGISTRATE JUDGE